[Nos. A137861, A137991. First Dist., Div. Five. Aug. 7, 2014.]

KEISHA W., Plaintiff and Respondent, v.
MARVIN M., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.

## COUNSEL

Marvin M., in pro. per.; Gibson Appellate Law and Jennifer A. Gibson for Defendant and Appellant.

Keisha W., in pro. per.; Simpson Thacher & Bartlett, Alexis Coll-Very, Caitlyn Chacon, Anjali Kulkarni; Family Violence Appellate Project, Erin C. Smith, Nancy K.D. Lemon and Jennafer D. Wagner for Plaintiff and Respondent.

## OPINION

**SIMONS, J.**—Defendant Marvin M. (Father) and plaintiff Keisha W. (Mother) are the parents of Marvin M. II (Minor). Father appeals from an August 2012 restraining order that, among other things, awarded custody of Minor to Mother (A137991), and from the family court's January 2013 acceptance of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Fam. Code, § 3400 et seq.)[1] (A137861).[2] We affirm the restraining order at issue in A137991, and dismiss the appeal in A137861 as being from an unappealable order.

### BACKGROUND

*Case No. A137991*

On August 6, 2012, Mother requested a restraining order to protect herself and Minor, born in April 2006, from Father. Mother's accompanying declaration explained that she and Father previously lived in Texas and were in a relationship that ended in April 2010. She described instances of domestic violence and threatening conduct by Father that caused her to leave Texas with Minor in August 2011. According to the declaration, on May 31, 2012, Father picked up Minor from his daycare in California and absconded with

---

[1] All further undesignated statutory references are to the Family Code.

[2] On December 9, 2013, this court consolidated the two appeals.

Minor to Nevada. Mother sought return of Minor and modification of a January 2011 Texas custody order that provided for shared custody of Minor. Mother informed the superior court that, in July 2012, the Texas court indicated it no longer had jurisdiction over custody because the parents and Minor no longer lived in Texas.

The superior court issued a temporary restraining order on August 8, 2012, and set a hearing on the request for a restraining order for August 31. On August 30, Father filed a written response with extensive attachments, opposing, among other things, Mother's custody request. Following the August 31 hearing, the superior court issued a restraining order protecting both Mother and Minor from Father, and ordering that Mother have physical custody of Minor. The court found it had "jurisdiction to make child custody orders in this case under" the UCCJEA.

On September 20, 2012, the restraining order was served on Father in Nevada. On February 26, 2013, Father filed a notice of appeal of the restraining order.

*Case No. A137861*

On November 28, 2012, Mother commenced a family court proceeding by filing a petition for custody and support. She requested physical custody of Minor with supervised visitation for Father.

Father challenged the family court's jurisdiction to adjudicate the custody issue under the UCCJEA. On January 30, 2013, the superior court conducted a UCCJEA conference call with judges from the Nevada and Texas courts. The court's minutes reflect that the Texas court "decline[d] jurisdiction," the Nevada court "neither accept[ed] nor decline[d] jurisdiction," and the California court "accept[ed] jurisdiction over this matter." At a February 4 hearing, the court retained jurisdiction "pending further notice," ordered that Minor be turned over to Mother, and set hearings on the issue of jurisdiction and custody for February 21 and April 8, respectively.

On or around February 5, 2013, Father appealed from the family court's January 30 acceptance of jurisdiction.

## DISCUSSION

I. *The Appeal from the August 31, 2012 Restraining Order (A137991)*

■ At the outset, we conclude the February 26, 2013 appeal (A137991) from the August 31, 2012 restraining order was not untimely. Under rule 8.104

of the California Rules of Court,[3] Father had 180 days after entry of the order to appeal, unless he received notice as specified in rule 8.104(a)(1)(A) or (B). Rule 8.104(a)(1)(A) requires the filing of an appeal within 60 days after "the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served . . . ." Rule 8.104(a)(1)(B) requires the filing of an appeal within 60 days after "the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service . . . ." In the present case, the record contains a completed "Proof of Personal Service" form reflecting that Father was served with a copy of the restraining order on September 20, 2012. However, the form does not reflect that the order was file-stamped or that Father was served with a document entitled "Notice of Entry." Thus, Father had 180 days from entry of the order to appeal. Because February 26, 2013, is within 180 days from August 31, 2012, the appeal in A137991 is timely.

■ Father contends issuance of the restraining order violated the UCCJEA, because a Texas family court had already issued a child custody order regarding Minor. "[T]he UCCJEA is the 'exclusive means of determining subject matter jurisdiction in custody disputes involving other jurisdictions. [Citations.]' [Citations.] The UCCJEA ensures that only one state has jurisdiction to make 'child custody determinations,' which, as relevant here, is defined in section 3402, subdivision (c), to include a 'permanent, temporary, initial, and modification order' of a 'court providing for the legal custody, physical custody, or visitation with respect to a child.' " (*In re Marriage of Fernandez-Abin & Sanchez* (2011) 191 Cal.App.4th 1015, 1037 [120 Cal.Rptr.3d 227] (*Fernandez-Abin*).) The UCCJEA applied to the restraining order at issue in the present case. (§ 3402, subd. (d) [for purposes of the UCCJEA, the term " '[c]hild custody proceeding' . . . includes a proceeding for . . . protection from domestic violence . . . ."]; see *Fernandez-Abin*, at pp. 1037–1039.)

■ In the present case, the superior court found it had "jurisdiction to make child custody orders in this case under the" UCCJEA. Father argues the court did not have temporary emergency jurisdiction under section 3424,[4] because Minor was not present in California on August 31, 2012. However, we conclude the more pertinent question is whether the superior court had jurisdiction to modify the Texas court's custody determination under section

---

[3] All further undesignated rules references are to the California Rules of Court.

[4] Section 3424, subdivision (a) provides: "A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to, or threatened with, mistreatment or abuse."

3423. That section provides that a court may "modify a child custody determination made by a court of another state" if the California court has jurisdiction to make a custody determination under section 3421, subdivision (a)(1) or (2), and the court "determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state." (§ 3423.)[5]

■ It is undisputed that neither Minor nor either of the parties was residing in Texas on August 31. As for jurisdiction over Minor, subdivision (a)(1) of section 3421 provides: "(a) Except as otherwise provided in Section 3424, a court of this state has jurisdiction to make an initial child custody determination only if any of the following are true: [¶] (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state." Mother averred she and Minor moved to California in August 2011, which provided a basis for a determination California was Minor's home state. (§ 3402, subd. (g).) In a supplemental letter brief, Father contends California was not Minor's home state because Minor was not residing in the state for six consecutive months immediately prior to Mother's August 6, 2012 request to modify the custody order. But where Minor is absent and a parent is present, section 3421, subdivision (a)(1) provides as an alternative that California was the home state within six months of commencement of the proceeding. That provision applies here. (*Brewer v. Carter* (2013) 218 Cal.App.4th 1312, 1317 [160 Cal.Rptr.3d 853].) We conclude the superior court had jurisdiction to modify the Texas custody order under section 3423.[6]

---

[5] Section 3423 provides: "Except as otherwise provided in Section 3424, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under paragraph (1) or (2) of subdivision (a) of Section 3421 and either of the following determinations is made: [¶] (a) The court of the other state determines it no longer has exclusive, continuing jurisdiction under Section 3422 or that a court of this state would be a more convenient forum under Section 3427. [¶] (b) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state."

[6] For the first time at oral argument, Father cited *In re Nelson B.* (2013) 215 Cal.App.4th 1121 [155 Cal.Rptr.3d 746] (*Nelson*) in support of a new argument that, until Father moved away from Texas, Minor's presence in California was an unauthorized " 'temporary absence' " from Texas that could not be counted towards the six-month residence requirement in section 3402, subdivision (g). *Nelson* is distinguishable. In that case, the issue was whether Maryland was the minor's home state at the time of commencement of a dependency proceeding, where the minor ran away from Maryland but his aunt continued to live there. (*Nelson, supra,* 215 Cal.App.4th at pp. 1124–1125, 1130.) The court concluded the minor's absence from Maryland was a " 'temporary absence' " for purposes of section 3402, subdivision (g). (*Nelson,* at p. 1130.) The statutory language at issue provides that, in determining a child's period of residence, "[a] period of temporary absence . . . is part of the period." (§ 3402, subd. (g).) In

■ Father also contends the superior court was obligated to decline to exercise jurisdiction under the UCCJEA because Mother brought Minor to California in violation of the Texas order and failed to promptly seek modification of that order. He relies on subdivision (a) of section 3428, which provides that "if a court of this state has jurisdiction under this part because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction unless" the parents acquiesce in jurisdiction, a court of a state having jurisdiction "determines that this state is a more appropriate forum under Section 3427," or "[n]o court of any other state would have jurisdiction under the criteria specified in Sections 3421 to 3423, inclusive."

We conclude the superior court impliedly found that no court of any other state had jurisdiction under the UCCJEA at the time the restraining order was issued in August 2012. (§ 3428, subd. (a)(3).)[7] Texas and Nevada were the only other states with possible claims to jurisdiction. Regarding Texas, under Texas Family Code, section 152.202, subdivision (a)(2) (the analogue to § 3428, subd. (a)(2)), the Texas court had "exclusive continuing jurisdiction" over custody "until [¶] . . . [¶] . . . a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state." It is undisputed that neither the parties nor Minor resided in Texas in August 2012. Regarding Nevada, that state did not have jurisdiction because, among other possible reasons, Minor had not yet resided there for six months as of August 31. (Nev. Rev. Stat. 125A.085 [Nevada analogue to § 3402, subd. (g)].)[8]

the present case the issue is not whether Texas was Minor's home state on August 6, 2012, because no parent lived in Texas at that time. The issue is whether California was Minor's home state, and section 3402, subdivision (g) does not state that periods that arguably can be characterized as temporary absences from other states do *not* count towards the six-month residency period. The statute simply specifies that temporary absences should not *defeat* a state's claim to home state status, which was the situation in *Nelson*.

[7] In the present case, both parties allege the other engaged in unjustified conduct—Mother by leaving Texas with Minor and failing to promptly seek a modification of the Texas custody order; Father by taking Minor to Nevada without Mother's consent or knowledge, and retaining Minor in violation of the Texas order. (See *In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 511–512 [98 Cal.Rptr.3d 200].) Because section 3428, subdivision (a)(3) was applicable, we need not decide whether Mother engaged in unjustified conduct. Neither need we decide whether the separate domestic violence exemption in section 3428, subdivision (d) was applicable. Finally, we note that, even if Nevada had a claim to jurisdiction, Nevada Revised Statutes section 125A.375 (the Nevada analogue to § 3428) might have required Nevada to decline to exercise jurisdiction due to Father's allegedly unjustified conduct.

[8] Father contends section 3426, subdivision (b) obligated the superior court to communicate with Texas and Nevada before modifying the Texas custody order. However, that provision was inapplicable because it was clear neither of those states had jurisdiction over the Minor on August 31, 2012. (§ 3426, subd. (b) ["If the court determines that a child custody proceeding has been commenced in a court in another state *having jurisdiction substantially in accordance with this part*, the court of this state shall stay its proceeding and communicate with the court of the

For the above reasons, the superior court had jurisdiction under section 3423 to modify the Texas court's custody determination on August 31, 2012.[9]

II. *The Appeal from the January 30, 2013 UCCJEA Conference (A137861)*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

In A137991, the August 31, 2012 restraining order is affirmed. In A137861, the appeal is dismissed. Respondent is awarded her costs on appeal.

Jones, P. J., and Bruiniers, J., concurred.

A petition for a rehearing was denied September 5, 2014, and October 7, 2014, and on September 5, 2014, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied November 25, 2014, S221922.

---

other state." (italics added)]; see *In re Marriage of Sareen* (2007) 153 Cal.App.4th 371, 377 [62 Cal.Rptr.3d 687] [trial court did not violate § 3426, subd. (a), where it was clear India did not have jurisdiction under the UCCJEA].)

[9] Father also contends the superior court lacked personal jurisdiction over *him*, because he lacked the minimum contacts with California necessary for assertion of such jurisdiction. However, he fails to present any reasoned argument with citations to relevant supporting authorities (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [79 Cal.Rptr.2d 273]) that the superior court needed personal jurisdiction over him to issue a restraining order and modify the Texas custody order under the UCCJEA. (See § 3421, subd. (c) ["Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."].) Finally, we need not and do not address Father's contentions that the trial court violated his due process rights at the August 31 hearing, because those contentions were not presented in a timely fashion.

[*]See footnote, *ante*, page 581.